## IN THE UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF ILLINOIS
## SPRINGFIELD DIVISION

| | | |
|---|---|---|
| **REGIONS BANK,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **No. 3:18-CV-03100** |
| | ) | |
| **JOHN L. ROONEY, DAVID G.** | ) | |
| **LANTERMAN, CAPITOL** | ) | |
| **STRATEGIES, INC., CAPITOL** | ) | |
| **STRATEGIES CONSULTING, INC.,** | ) | |
| **CAPITOL STRATEGIES STAFFING** | ) | |
| **SOLUTIONS, INC.,** | ) | |
| **MMIL PROPERTIES, INC., and** | ) | |
| **MMIL HOLDINGS, LLC, SERIES I,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## OPINION

**SUE E. MYERSCOUGH, U.S. District Judge.**

This cause is before the Court on Plaintiff Regions Bank's Request for Attorney's Fees (d/e 17) totaling $55,733.96.  Because Plaintiff has demonstrated that the fees are commercially reasonable, the Request is GRANTED.  Plaintiff is also awarded costs totaling $3,462.10.

# I.  BACKGROUND

In May 2018, Plaintiff filed a Complaint (d/e 1) against Defendants John L. Rooney, David G. Lanterman, Capitol Strategies, Inc., Capitol Strategies Consulting, Inc., Capital Strategies Staffing Solutions, Inc., MMIL Properties, Inc., and MMIL Holdings, LLC Series I alleging that Defendants breached certain Guarantees they executed in favor of Plaintiff.  Specifically, Plaintiff alleged that non-defendant MMIL Entertainment, LLC executed, among other documents, a U.S. Small Business Administration Note (Note) in favor of Plaintiff.  Compl. ¶ 12.  In addition, each Defendant executed a U.S. Small Business Administration Unconditional Guarantee guaranteeing payment to Plaintiff of all obligations and indebtedness of MMIL Entertainment, LLC in favor of Plaintiff.  Id. ¶ 13.  MMIL Entertainment defaulted on its obligations under the Note.  Id. ¶ 15.  Plaintiff alleged that Defendants failed and refused to pay their obligations due and owing under the Guarantees.  Id. ¶ 16.

Plaintiff sought $3,929,304.49, the total amount due and outstanding under the Note.  Id. ¶ 17.  Plaintiff also sought attorney's fees based on the language in the Guarantees providing

that "Guarantor promises to pay all expenses Lender incurs to enforce this Guarantee, including, but not limited to, attorney's fees and costs." <u>See</u>, <u>e.g.</u>, Guarantee (d/e1-4); Compl. ¶ 18. Defendants filed an Answer (d/e 4) denying that they failed and refused to pay their obligations due and owing under the Guarantees. <u>Id.</u> ¶ 16

On September 4, 2018, Plaintiff filed a Motion for Summary Judgment (d/e 13). Defendants did not file a response. On October 1, 2018, Plaintiff filed a Reply (d/e 14) stating that Defendants had indicated that they did not intend to file a response.

On October 4, 2018, this Court granted the Motion for Summary Judgment, noting:

> On October 3, 2018, United States Magistrate Judge Tom Schanzle-Haskins held a telephone status conference with counsel for Plaintiff and counsel for Defendants regarding setting the case for mediation. <u>See</u> October 3, 2018 Minute Entry. The parties declined mediation but requested entry of judgment incorporating the terms set forth in paragraphs (a), (b), (c), and (d) of Plaintiff's Reply in Support of its Motion for Summary Judgment. <u>Id.</u>

<u>See</u> Order (d/e 15). Judgment was entered in favor of Plaintiff and against each Defendant, jointly and severally, in the amount of

$3,966,169.14 plus attorney's fees and costs.  <u>See</u> Judgment (d/e 16).

On October 17, 2018, Plaintiff filed its Request for Attorney's Fees (d/e 17).  Plaintiff seek attorney's fees totaling $55,733.96 for services rendered between November 2017 and October 2018.  Plaintiff supports the request with the Declaration of Jacqueline K. Graves and billing summaries.  Plaintiff also filed a Bill of Costs (d/e 18) with supporting invoices seeking costs totaling $3,462.10.[1]

Plaintiff asserts that it hired the law firm of Lewis Rice LLC to enforce its rights under the Note and Guarantees.  This included conducting pre-foreclosure work for both the property owned by MMIL Entertainment LLC and for property owned by Defendants, which were secured by various mortgages executed in favor of Plaintiff.  Lewis Rice handled the prosecution of Plaintiff's efforts to enforce its rights under the Note, Guarantees, and the various

---

[1] Plaintiff originally sought costs totaling $3,708.10, which included costs for two attorney admission fees even though only one attorney entered her appearance in this case.  After the Court inquired about the request, Plaintiff withdrew its request for one of the requested attorney admission fees and the fee for the Certificate of Good Standing.  <u>See</u> Reply at 3 (d/e 21).

mortgages held by Plaintiff since November 2017, all of which are inextricably intertwined.

In her Declaration, Graves, the attorney of record for Plaintiff in this case, asserts that the rates charged by Lewis Rice reflect less than its then-prevailing customary charges to its clients for services of the type involved in this case, as the fees charged were at least 25% below the firm's normal hourly rate. Graves attached to her Declaration detailed time entries for the fees, which are kept by Lewis Rice in the ordinary course of its regularly conducted business activities.

Defendants filed a Response (d/e 20) asserting that they do not dispute the hourly rates charged by the various attorneys or the skill, experience, and education of the attorneys. Defendants do, however, dispute the reasonableness of the total fees requested. Defendants assert that $55,000 in attorney's fees for a five-month lawsuit that was basically conceded is not reasonable. Moreover, Defendants acknowledge that work must be done prior to the initiation of litigation. They argue, however, that expending $35,374.84—nearly two-thirds of the total fees requested—in

preparation of a simple, virtually uncontested case is not reasonable.

In its Reply, Plaintiff asserts that the Note and Guarantee are secured by various Future Advance Mortgages, giving Plaintiff a security interest in 36 separate parcels of real property in four counties, as well as an Assignment of Rents and various UCC Financing Statements. The underlying real estate serves as collateral for the loan by Plaintiff as well as loans to Defendants by other banks. Plaintiff asserts that, to assess its rights and remedies under the Note and Guarantees, and to properly enforce Plaintiff's rights under the Guarantees, it was necessary for Lewis Rice to undertake a review and analysis of the entire loan file, as well as to conduct a collateral analysis. In addition, because the Note and Guarantees are guaranteed by the Small Business Administration, Plaintiff and its attorneys had to work closely with the Small Business Administration in pursing Plaintiff's rights and remedies.

## II.    ANALYSIS

The jurisdictional basis for this case is diversity jurisdiction. Compl. ¶ 8. Therefore, Illinois substantive law and federal

procedural law applies.  See Fednav Int'l Ltd. v. Cont'l Ins. Co., 624 F.3d 834, 838 (7th Cir. 2010).  Under Illinois law, a court may award attorney's fees allowed by statute or by contract so long as the fees are reasonable.  Career Concepts, Inc. v. Synergy, Inc., 372 Ill. App. 3d 395, 405 (2007).  However, the method used to determine whether the amount sought is reasonable is procedural and, therefore, governed by federal law.  See Taco Bell Corp. v. Cont'l Cas. Co., 388 F.3d 1069, 1076 (7th Cir. 2004); Metavante Corp. v. Emigrant Sav. Bank, 619 F.3d 748, 774 n. 21 (7th Cir. 2010).  This is because the review of contractual fee petitions involves requirements of proof that "concern how a particular court system, having regard for its resource constraints and the competing claims on its time, balance the cost of meticulous procedural exactitude against the benefits in reducing error costs." Taco Bell, 388 F.3d at 1076.

Under federal procedural law, the court reviewing a request for fees based on a contractual fee-shifting agreement does not need to scrutinize each billing entry.  Rexam Beverage Can Co. v. Bolger, 620 F.3d 718, 738 (7th Cir. 2010) ("The district court was not obligated to conduct a line-by-line review of the bills to assess

the charges for reasonableness.").  Instead, federal district courts determine whether the attorney's fees sought pursuant to a contract are commercially reasonable.  See Medcom Holding Co. v. Baxter Travenol Labs., Inc., 200 F.3d 518, 520-21 (7th Cir. 1999) (noting that reasonableness is assessed using the "market's mechanisms").   That is, the Court reviews the moving party's overall costs to ensure that the costs are reasonable in relation to the stakes of the case and the non-moving party's litigation strategy.  Id. at 521.  In particular, evidence that the client paid the fees when recovery was uncertain is an indicator of reasonableness.  Id. ("If the bills were paid, this strongly implies that they meet market standards.").

After reviewing Plaintiff's Request for Fees and the history of the case, the Court finds that Plaintiff's attorney's fees are commercially reasonable.  The fees are reasonable in light of the stakes of the case.  Plaintiff seeks attorney's fees totaling $55,733.96.  The amount at stake in the case totaled nearly $4 million dollars.

Moreover, the bulk of attorney's fees-approximately $35,000— were incurred prior to filing suit and, presumably, prior to knowing

that Defendants were not going to vigorously defend the case. The Court also find that these fees were necessary and reasonable for Plaintiff's efforts to enforce the Guarantee.

Finally, the records submitted by counsel for Plaintiff reflect that Plaintiff largely paid the legal bills as they were incurred and at a time when Plaintiff's recovery of those fees from Defendants was uncertain. See Balcor Real Estate Holdings, Inc. v. Walentas-Phoenix Corp., 73 F.3d 150, 153 (7th Cir. 1996) (The "best evidence of the market value of legal services Is what people pay for it."). Although some bills were outstanding when Plaintiff filed the Request for Attorney's Fees, the records show that Plaintiff has paid between $38,000 and $46,000 of the fees. Because the evidence demonstrates that the fees were commercially reasonable, Plaintiff is entitled to recover its attorney's fees in the amount of $55,733.96.

### III. CONCLUSION

For the reasons stated, Plaintiff's Request for Attorney's Fees (d/e 17) is GRANTED. Plaintiff is awarded attorney's fees in the amount of $55,733.96. Plaintiff is also awarded costs totaling $3,462.10.

**ENTERED: November 29, 2018**

**FOR THE COURT:**

_s/Sue E. Myerscough_

**SUE E. MYERSCOUGH**
**UNITED STATES DISTRICT JUDGE**